# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2005-AR5, a national banking trust,<br><br>Plaintiff<br><br>v.<br><br>Shadow Crossings Homeowners Association, a Nevada corporation; SFR Investments Pool 1, LLC, a Nevada limited liability company,<br><br>Defendants | Case No.: 2:17-cv-02120-JAD-VCF<br><br>**Order Granting Motion to Dismiss**<br><br>[ECF No. 16] |

U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2005-AR5, brings this quiet-title action to challenge the effect of the 2012 non-judicial foreclosure sale of the home at 47 Stockton Edge Avenue, in North Las Vegas, Nevada, on which it claims a deed of trust securing a mortgage on the property.[1] The Bank sues SFR Investments Pool 1, LLC, who purchased the property at the foreclosure sale, for a declaration that its deed of trust was not extinguished by the sale even though Nevada law holds that a properly conducted HOA non-judicial foreclosure sale will extinguish a first deed of trust.[2] SFR moves to dismiss the Bank's complaint as time barred.[3] Because I find that the Bank's claim was filed after the statute of limitations expired, I grant the motion and dismiss this case.

---

[1] ECF No. 1. The Bank also sued the Shadow Crossings Homeowners Association (the HOA), but those claims were dismissed by stipulation, leaving SFR as the only defendant. ECF No. 25.

[2] *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

[3] ECF No. 16.

**Background**[4]

The Bank claims that it has been the beneficiary of a deed of trust securing the mortgage on this home since December 2011.[5] The home is located in the Rome 20 planned unit development and subject to the codes, covenants, and restrictions (CC&Rs) for the Shadow Crossings Homeowners Association, which require the owners of property in this community to pay certain assessments. When the assessments on this unit became delinquent, the HOA, through a trustee, commenced non-judicial foreclosure proceedings under Chapter 116 of the Nevada Revised Statutes. The foreclosure sale occurred on July 27, 2012, and the foreclosure deed recorded against the property a few days later on August 1, 2012.[6]

The Nevada Legislature gave HOAs a superpriorty lien against residential property for certain delinquent assessments.[7] As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 1163.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[8] The Bank alleges that the foreclosure process here was defective for numerous reasons, including that it was commercially unreasonable and conducted despite the Bank's tender of the superpriority lien amount before the sale, and because the version of NRS 116.3116 in effect at that time violated the Bank's due-process rights.[9]

---

[4] These facts come from the complaint's factual allegations, which I accept as true for purposes of this motion to dismiss. And I find this motion suitable for disposition without oral argument. LR 78-1.

[5] ECF No. 1 at ¶ 4.

[6] *Id.* at ¶ 7; ECF No. 1-4 at 2.

[7] Nev. Rev. Stat. § 116.3116; *SFR*, 334 P.3d at 409.

[8] *SFR*, 334 P.3d at 419.

[9] *See generally* ECF No. 1.

The Bank filed this lawsuit more than five years after the foreclosure sale, on August 8, 2017.[10] It pleads a single cause of action entitled "Declaratory Relief: Quiet Title." SFR moves to dismiss this case, arguing that because the focus of this claim is the foreclosure scheme in NRS 116.3116 et seq., it is governed by the three-year statute of limitations for actions upon a liability created by statute. And even if the four-year catch-all deadline applies, it's still too late.[11] The Bank responds that its claim is instead one for quiet title, subject to a five-year limitations period, and it did not accrue until the Nevada Supreme Court handed down the *SFR* decision in September 2014.

## Discussion

A statute-of-limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint."[12] "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."[13]

Whether I apply a three- or five-year statute here, the Bank's claim is time-barred unless I agree that its injury was not discovered—and thus the limitations clock did not begin to tick— until the Nevada Supreme Court explained in *SFR* in September 2014 that "NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust."[14]

---

[10] *Id*.

[11] ECF No. 16.

[12] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

[13] *Id*.

[14] *SFR*, 334 P.3d at 419.

The notion that *SFR* announced a new rule was rejected by the Nevada Supreme Court in *K&P Homes v. Christiana Trust* when it explained that the *SFR* decision "did not create new law or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception. Therefore, that decision necessarily applies retroactively."[15]

Indeed, lenders were well aware long before *SFR* of the risk they were taking by letting HOA assessments mount against their security interests,[16] and U.S. Bank was no exception. Its allegation in the complaint that its loan-servicing agent "tendered the super-priority lien amount to HOA or its agents prior to the HOA Sale"[17] demonstrates that the Bank was aware of NRS 116.3116 and its operation in 2012. So, based on the allegations in the complaint, once the foreclosure deed was recorded on August 1, 2012, the Bank had the facts to plead its claim. Because the *SFR* decision did not change or redefine the Bank's rights or obligations under Nevada's non-judicial foreclosure scheme, it was the foreclosure sale or the recording of that deed just days later—not the *SFR* decision—that started the Bank's clock running.[18]

---

[15] *K&P Homes v. Christiana Trust*, 398 P.3d 292, 295 (Nev. 2017).

[16] *See SFR*, 334 P.3d at 414 (noting that the banks could have easily avoided the effects of NRS 116.3116's lien-extinguishment feature by paying off the HOA liens "to avert loss of [their] security" or by establishing "an escrow for [HOA] assessments to avoid having to use [their] own funds to pay delinquent dues"); *see also Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, 2016 WL 1298108, at *8 (D. Nev. Mar. 31, 2016) (proposing two more ways for a bank to avoid losing its lien interest by HOA foreclosure: "It could attend the statutorily-required public auction and purchase the property. Additionally, if the HOA or its agent refuses to provide the superpriority lien amount or to accept payment, the lienholder could sue for a declaration of the superpriority amount and to require the HOA to accept that amount in satisfaction of the superpriority lien.").

[17] ECF No. 1, FACTS ¶ 8.

[18] The Bank's final argument that the Ninth Circuit's holding in *Bourne Valley v. Wells Fargo Bank*, 832 F.3d 1154 (9th Cir. 2016), renders its claim "viable" does not persuade me otherwise. All claims—meritorious or not—must be timely filed.

4

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that SFR's Motion to Dismiss Complaint **[ECF No. 16] is GRANTED. The Bank's complaint is DISMISSED** with prejudice as time-barred, and **the Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

Dated: June 1, 2018

_____
U.S. District Judge Jennifer A. Dorsey